# EXHIBIT "A"

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | C/A No. 2008-CP-02-<u>65</u> |
| ) | |
| VIRGINIA E. DUNN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | (Jury Trial Demanded) |
| NORFOLK SOUTHERN ) | |
| CORPORATION AND NORFOLK ) | |
| SOUTHERN RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| DEFENDANTS. ) | |

The plaintiff alleges:

1. The Plaintiff Virginia E. Dunn is a citizen and resident of the County of Aiken, State of South Carolina.

2. The Defendant Norfolk Southern Railroad Company is a wholly owned subsidiary of Defendant Norfolk Southern Corporation and is, upon information and belief, a corporation organized and existing under the laws of a State other than South Carolina. Defendants own real and personal property in South Carolina and regularly conduct business in Aiken County, South Carolina. The trains involved in the subject collision were owned, operated and controlled by Defendants. The tracks upon which these trains were traveling were owned and operated by Defendants.

3. Upon information and belief, at all times relevant to this action the Defendants owned, operated, maintained and controlled the trains, tracks, switches, signaling devices and railway in Aiken County, South Carolina, including those upon which trains owned, operated and controlled by Norfolk Southern Railroad Corporation

FILED January 4 2008 @ 3:50 pm
C.C.C.P.&G.S
Deputy Clerk

and its wholly owned subsidiary, Norfolk Southern Railroad Company operate, occupy, and travel.

4. The Defendant Norfolk Southern Corporation is subject to the jurisdiction of this Court by virtue of its ownership of property in Aiken County, South Carolina and by virtue of its doing business and operating equipment in Aiken County, South Carolina, upon information and belief, Defendants have offices and agents in Aiken County, South Carolina and because it caused tortious injury in Aiken County, South Carolina.

5. On or about January 6, 2005, a train owned and operated by Defendants was approaching Graniteville, South Carolina. This train was carrying chlorine gas, among other dangerous and deadly chemicals.

6. A second train also owned and operated by Defendants had been diverted by Defendants off of the main track onto a side track at Graniteville. The train was parked on the side track. Defendants did not realign the track by which the second train was diverted onto the side track and left the green go signal on the main track.

7. The first train, traveling at a high rate of speed, was diverted off the main track onto the side track and collided with the second train. The collision caused chlorine gas and other dangerous chemicals to be released by the first train, contaminating the air and various portions of the town of Graniteville.

8. Plaintiff, and her husband William Dunn, were exposed to the released chemicals. As a result, Plaintiff suffered severe and permanent injuries including, but not limited to, bodily injury, lost wages, pain and suffering, loss of the enjoyment of life and loss of consortium.

9. The Defendants were negligent, negligent per se, grossly negligent, willful and wanton in the following particulars:

    (a) In failing to properly maintain its track;
    (b) In failing to properly realign its track;
    (c) In failing to properly maintain and operate its signals;
    (d) In operating its trains at an excessive rate of speed;
    (e) In failing to use proper equipment adequate to contain the hazardous chemicals it transports;
    (f) In failing to properly inspect its tracks;
    (g) In failing to provide a safe and proper switching system that would switch the alignment of the main track back to the proper position after diverting a train to a side track;
    (h) In failing to provide a proper monitoring system for the track to ensure the proper alignment of the track;
    (i) In failing to take adequate measures to contain the dangerous chemicals following the release;
    (j) In failing to take adequate measures to warn and educate the public regarding the release of the hazardous chemicals;
    (k) In failing to properly monitor, train and supervise its employees;
    (l) In requiring and allowing its employees to work hours in excess of state and federal law;
    (m) In parking a train in a hazardous position;
    (n) At operating a train at an excessive rate of speed;
    (o) In violating state and federal laws;
    (p) In failing to take any action to prevent the collision of the trains;
    (q) In failing to keep a proper lookout; and
    (r) In failing to exercise that degree of care that a reasonable and prudent corporation would exercised under the same or similar circumstances.

10. As a direct and proximate result of Defendants' negligent, negligent per se, willful, wanton, reckless and grossly negligent actions described above, Plaintiff has suffered damages, including punitive damages, for which Defendants are liable. As a further result of Defendants' negligent, negligent per se, willful, wanton, reckless and grossly negligent actions, Plaintiff's husband was seriously and permanently injured, resulting in the Plaintiff suffering a loss of consortium for which Defendants are liable.

WHEREFORE, having fully pled, Plaintiff prays for the following relief:

(a) A judgment against the Defendants jointly and severally, in an amount of both actual and punitive damages to be determined by the trier of fact;

(b) For the costs and disbursements of this action;

(c) For such other and further relief as this Court may deem just and proper; and

(d) For a Trial by Jury.

> FERRARA LAW FIRM, PLLC
> Paul B. Ferrara, III
> 2300 Otranto Road
> North Charleston, SC 29406
> (843) 569-5111
>
> And
>
> PETERS, MURDAUGH, PARKER,
> ELTZROTH & DETRICK, P.A.
> 101 Mulberry Street East
> Post Office Box 457
> Hampton, SC 29924
> (803) 943-2111
>
> *[signatures]*
> Grahame E. Holmes
> Attorneys for Plaintiff

December 31, 2007
Hampton, SC

4